IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

STEVEN L. BALISTRERI,

                Plaintiff,

v.

DR. GLEN HEINZL, *et al.*,

                Defendants.

OPINION and ORDER

15-cv-247-slc

---

Pro se plaintiff Steven L. Balistreri is proceeding in this case on claims that he was subjected to unconstitutional conditions of confinement and received constitutionally inadequate medical treatment while incarcerated by the Wisconsin Department of Corrections. The defendants include several DOC employees, as well as Dr. Glen Heinzl, who is not a state employee.

On July 1, 2016, both the state defendants and Dr. Heinzl moved for partial summary judgment on the ground that some of Balistreri's claims must be dismissed because he failed to exhaust his prison administrative remedies before filing this lawsuit. Balistreri's opposition materials were due on July 22, 2016, but he did not file any opposition or other response to defendants' motions. For the reasons explained below, I will now grant defendants' motions and dismiss Balistreri's unexhausted claims.

OPINION

I.    **Exhaustion of Plaintiff's Federal Claims**

Under 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in

any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."[1] Generally, to comply with § 1997e(a), a prisoner must "properly take each step within the administrative process," *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). This includes following instructions for filing the initial grievance, *Cannon v. Washington*, 418 F.3d 714, 718 (7th Cir. 2005), as well as filing all necessary appeals, *Burrell v. Powers*, 431 F.3d 282, 284-85 (7th Cir. 2005), "in the place, and at the time, the prison's administrative rules require." *Pozo*, 286 F.3d at 1025.

The purpose of these requirements is to give the prison administrators a fair opportunity to resolve the grievance without litigation. *Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006). If a prisoner fails to exhaust his administrative remedies before filing his lawsuit, the court must dismiss the case. *Perez v. Wisconsin Dept. of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). Because exhaustion is an affirmative defense, defendants bear the burden of establishing that plaintiff failed to exhaust. *Jones v. Bock*, 549 U.S. 199, 216 (2007).

To exhaust administrative remedies in Wisconsin, inmates must follow the inmate complaint review process set forth in the Wisconsin Administrative Code ch. DOC 310. Under these provisions, prisoners start the complaint process by filing an inmate complaint with the institution complaint examiner within 14 days after the occurrence giving rise to the complaint. Wis. Admin. Code § DOC 310.09. If the institution complaint examiner makes a recommendation that the complaint be granted or dismissed on its merits, then the appropriate reviewing authority may dismiss, affirm or return the complaint for further investigation. *Id.* §

---

[1] Although plaintiff is no longer incarcerated, the exhaustion requirement under § 1997e applies to plaintiff because he was incarcerated at the time he filed suit. *See Dixon v. Page*, 291 F.3d 485, 489 (7th Cir. 2002).

2

310.12.  If an inmate disagrees with the decision of the reviewing authority, he may appeal.  *Id.* § 310.13.  If the institution complaint examiner rejects a grievance for procedural reasons without addressing the merits, an inmate may appeal the rejection.  *Id.* § 310.11(6).

Plaintiff was granted leave to proceed on Eighth Amendment claims that (1) defendants Kast and Mastricola subjected him to unconstitutional conditions of confinement in 2013 at the Fox Lake Correctional Institution; (2) defendants Bailey, Skindelowski, Schubert, Stevie and Kast were deliberately indifferent to his serious medical needs at Fox Lake in 2013; and (3) defendants Seabul, Heinzl and Anderson were deliberately indifferent to his serious medical needs at Columbia Correctional Institution in late 2013.  Defendants submitted plaintiff's complete inmate complaint history report (dkt. 42-1), which shows that plaintiff filed two inmate grievances relevant to his claims.

### A.     October 22, 2013 Fox Lake Correctional Institution Grievance

Plaintiff filed a grievance at Fox Lake on October 22, 2013, complaining that the toilet had overflowed in his segregation cell and he had fallen as a result.  *See* dkt. 42-2.  He alleged that he had complained to defendants Kast and Mastricola about the toilet, but that they had done nothing to help.  He also alleged in the grievance that he was seriously injured during the fall and told defendant Bailey that he needed medical treatment, but that Bailey ignored him.  Plaintiff's grievance was dismissed and he appealed, but the dismissal was affirmed.

Defendants concede that this grievance and plaintiff's subsequent appeal were sufficient for plaintiff to exhaust his administrative remedies with respect to his conditions of confinement claim against defendants Kast and Mastricola and his deliberate indifference claim against

3

defendant Bailey stemming from Bailey's alleged failure to obtain medical aid when plaintiff was first injured. Defendants contend, however, that this grievance was not sufficient to exhaust administrative remedies with respect to plaintiff's claims that defendants Schubert, Kast, Bailey, and Stevie refused to provide him with his pain medication after he returned from the hospital. I agree. A grievance must "alert[] the prison to the nature of the wrong for which redress is sought." *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002). Without that type of notice, prison officials do not have an opportunity to resolve the problem. Here, plaintiff did not file any grievance in which he complained that *any* prison staff refused to provide him with his pain medication after his injury. Therefore, he did not comply with § 1997e(a) as to his claims that Schubert, Kast, Bailey and Stevie failed to provide him with medication. Those claims will be dismissed without prejudice. *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) (dismissal for failure to exhaust is always without prejudice).

B.   January 2, 2014 Columbia Correctional Institution Grievance

Plaintiff's second grievance was filed at Columbia on January 2, 2014. Plaintiff complained that he was receiving inadequate medical treatment for his continuing back pain. *See* dkt. 42-3. This grievance was dismissed, but plaintiff did not appeal to the corrections complaint examiner. Because he failed to appeal, as required by Wis. Admin. Code §310.13, 14, this grievance failed to exhaust his administrative remedies with respect to his claims against Seabul, Heinzl and Anderson regarding treatment for his back pain. *See Ford*, 362 F.3d at 397 (in order to exhaust, prisoner "must take all steps prescribed by the prison's grievance system"). Nor did plaintiff file any other grievance regarding his back pain. Therefore, he failed to exhaust

4

his administrative remedies with respect to his claims against Seabul, Heinzl and Anderson, and those claims will be dismissed.

## II. Plaintiff's State Law Claims

Plaintiff was granted leave to proceed on state law negligence claims corresponding to his federal constitutional claims against each of the defendants, on the ground that the court would exercise supplemental jurisdiction over those claims under 28 U.S.C. § 1367. Because the court is dismissing the federal claims based on (1) the alleged deliberate indifference of defendants Bailey, Skindelowski, Schubert, Stevie and Kast for failing to provide plaintiff with pain medication, and (2) the alleged deliberate indifference of defendants Seabul, Heinzl and Anderson in failing to treat plaintiff's back pain, the court will also dismiss the corresponding state law claims based on the same set of facts. *See Williams Electronics Games, Inc. v. Garrity*, 479 F.3d 904, 907 (7th Cir. 2007) (state may relinquish supplemental jurisdiction if federal claim drops out of lawsuit before trial).

ORDER

IT IS ORDERED that:

(1)   Defendants' motions for summary judgment, dkts. 38 and 41, are GRANTED.

(2)   The following claims are DISMISSED WITHOUT PREJUDICE:

   (a) defendants Schubert, Kast, Bailey, and Stevie violated the Eighth Amendment and state law by refusing to provide plaintiff with pain medication after his back injury; and

   (b) defendants Seabul, Heinzl and Anderson violated the Eighth Amendment and state law by failing to treat plaintiff's back pain.

(3)   Defendants Schubert, Stevie, Seabul, Heinzl and Anderson are DISMISSED from this case.

Entered this 16th day of September 2016.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge